IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. H-97-0052-03 |
| | § | |
| J. BRENT LIEDTKE | § | (Civil Action No. H-05-2095) |
| | § | |

# **MEMORANDUM AND ORDER**

The defendant, J. Brent Liedtke, has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Criminal Docket No. 263). It is his second one. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that it lacks jurisdiction over the motion for reasons set forth below.

**I.   BACKGROUND**

The background and procedural history in this case are set forth in an order entered on January 15, 2003, denying Liedtke's initial motion for relief under 28 U.S.C. § 2255. It is sufficient to note that a jury found Liedtke guilty on March 12, 1999, of counts one and four in the indictment. Those counts included conspiracy to manufacture "in excess of one (1) kilogram of a mixture and substance containing a detectable amount of a Schedule II controlled substance, methamphetamine" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846, and aiding and abetting the possession of phenylacetic acid with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(1) and 18 U.S.C. § 2.

Based on the Presentence Investigation Report ("PSR") prepared by the Probation Office, the Court found that there was at least 100 pounds of phenylacetic acid involved in the offense, enough to produce 42 pounds or 19.05 kilograms of methamphetamine. The Court further found that Liedtke occupied the role of a leader or organizer in the offense. According to the Sentencing Guidelines then in place, the Court sentenced Liedtke to serve concurrent terms of 223 months in prison on each count, followed by a five-year term of supervised release. (Sentencing Transcript, at 68, Criminal Docket No. 197).

On November 16, 2000, the Fifth Circuit dismissed Liedtke's appeal for want of prosecution after he missed several extended deadlines. (Criminal Docket No. 223). After the United States Supreme Court denied Liedtke's petition for a writ of certiorari on May 21, 2001, he filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on November 5, 2001. (Criminal Docket No. 231). Stating approximately twelve grounds, Liedtke argued that he was entitled to relief for the following reasons:

(1-4)  21 U.S.C. § 841, *et seq.*, is "facially unconstitutional" in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), meaning that his indictment, the conviction, and sentence are invalid.

(5)  Because the superseding indictment does not allege drug quantity, and the jury was not required to find drug quantity beyond a reasonable doubt, Liedtke is entitled to a new trial under *Apprendi*.

(6)  Because the superseding indictment does not allege drug quantity, and the jury was not required to find drug quantity beyond a reasonable doubt, Liedtke is entitled to have his indictment vacated and set aside under *Apprendi*.

(7)  Because the superseding indictment does not allege drug quantity, in violation of *Apprendi*, Liedtke's conviction was the result of an "erroneous constructive amendment" to the superseding indictment at trial.

(8)  Liedtke is "actually innocent" of the offenses of conviction because both offenses were "factually and legally impossible" because the process contemplated for manufacturing methamphetamine in this instance was "obsolete" (*i.e.*, the chemicals required for that process were "no longer available").

(9)  The trial court erred by admitting evidence of Liedtke's drug use before the jury and excluding certain tape recorded conversations.

(10) The evidence "is insufficient to show" that Liedtke was guilty of conspiring to manufacture methamphetamine.

(11) The trial court erred by increasing the base offense level by two points for Liedtke's role in the offense.

(12) Liedtke was denied effective assistance of counsel on appeal.

After reviewing all of Liedtke's allegations, including those presented in a supplemental § 2255 motion, the Court denied relief in an order entered on January 15, 2003. (Criminal Docket No. 243). The Fifth Circuit affirmed that decision. *See United States v. Liedtke*, No. 03-20636 (5th Cir. Aug. 13, 2004) (Criminal Docket No. 262).

On June 10, 2005, Liedtke filed the pending motion seeking relief from his conviction and sentence.[1] (Criminal Docket No. 263). As he did in his first § 2255 motion, Liedtke seeks relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on the grounds that his sentence was based on "a judicial fact finding of drug quantities not proven to the jury beyond a reasonable doubt nor made a part of the jury verdict." (Motion to Vacate Sentence, at 11-12, Criminal Docket No. 263). Likewise, Liedtke challenges anew the judicial

---

[1] The Clerk's Office filed the motion on June 15, 2005, but the defendant executed it on June 10, 2005, indicating that he placed this pleading in the prison mail system on or about that date.

3

determination that led to an increase in his sentence based on the role he played in the offense. By engaging in these judicial fact findings, Liedtke contends, the Court committed "structural" error and that he is entitled to be resentenced pursuant to *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004), and *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005), because this type of punishment imposed under the Sentencing Guidelines is now unconstitutional. This Court lacks jurisdiction over these issues for reasons discussed briefly below.

## II.   SUCCESSIVE § 2255 MOTIONS

As noted above, the pending § 2255 motion is the second one filed by the defendant. A second or successive motion under § 2255 must be certified, pursuant to the federal habeas corpus statutes codified at 28 U.S.C. § 2244, by a panel of the appropriate court of appeals to meet one of the following criteria:

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. To the extent that Liedtke contends that his sentence violates the tenets advanced in *Apprendi* and that this Court improperly increased his sentence based his role in the offense, these claims were raised and rejected previously. The Court concludes therefore that the pending motion in this case meets the "second or successive" criteria. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (holding that an

application is "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ").

The plain language of 28 U.S.C. § 2255 provides that this Court cannot entertain a second or successive motion until after a panel of the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Liedtke has not presented the requisite authorization. Because he has not shown any authorization from the Fifth Circuit, this Court lacks jurisdiction over his claims. *Id.* at 775.

The Court notes that Liedtke attempts to raise a claim under *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004), and *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005). The Fifth Circuit has already held, however, that such a claim is not retroactive in the context of a successive motion under § 2255. *In re Elwood*, 408 F.3d 211 (5th Cir. 2005). Perhaps for this reason, Liedtke objects strenuously to any attempt to characterize his pending § 2255 motion as successive.

Relying on *Castro v. United States*, 540 U.S. 375 (2003), Liedtke warns that this Court has no authority to characterize his motion as second or successive without first providing him an opportunity to withdraw the motion. Liedtke misreads *Castro*, which holds only that a district court must give certain warnings before "recharacteriz[ing]" an initial

5

post-conviction motion as the first one filed pursuant to 28 U.S.C. § 2255 so as to avoid prejudicing *pro se* litigants who may be unaware of the bar against successive motions. *Id*. at 383. The *Castro* Court reasoned that such a warning would "help the *pro se* litigant understand not only (1) whether he should withdraw or amend his motion, but also (2) whether he should contest the recharacterization, say, on appeal." *Id*. at 384. In this case, Liedtke himself "characterized" his initial motion as one filed under 28 U.S.C. § 2255. For this reason, *Castro* is of no aid to Liedtke. Moreover, it strains credulity for Liedtke, a trained attorney practiced in the art of criminal defense, to invoke protections designed to shield *pro se* litigants challenging their convictions without the benefit of a law degree. Liedtke's arguments about the proper characterization of his motion are simply a shameless attempt to obtain another bite at the apple.

## III.     TRANSFER

As noted above, because the motion filed by Liedtke is successive and without authorization from the Fifth Circuit, this Court lacks jurisdiction. *See Key*, 205 F.3d at 775. Only the Fifth Circuit has authority to authorize the filing of a successive § 2255 motion. Federal procedure allows a district court to transfer a successive habeas application to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Under federal law,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court

> to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.[2] "The legislative history of § 1631 indicates that Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (quotation omitted). Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1073 (9th Cir. 2001).

This Court lacks jurisdiction to consider Liedtke's claims until the Fifth Circuit, which could have exercised jurisdiction at the time Liedtke filed the pending motion, makes a gateway determination concerning whether his claims warrant the filing of a successive motion. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). In the interest of judicial economy and efficiency, this Court directs the Clerk to transfer Liedtke's pending motion to the Fifth Circuit Court of Appeals for a determination of whether, under 28 U.S.C. § 2244(b)(2), it would authorize the filing of a successive motion under 28 U.S.C. § 2255 in this case.

## IV. CONCLUSION AND ORDER

---

[2] An order transferring a civil action under 28 U.S.C. § 1631 is not a final, appealable order. *See Brinar v. Williamson*, 245 F.3d 515, 518 (5th Cir. 2001). The Fifth Circuit will consider Liedtke's motion as properly filed in the circuit court *ab initio*.

Based on the foregoing, the Court **ORDERS** as follows:

1. The Clerk shall **TRANSFER** the defendant's pending motion under 28 U.S.C. § 2255 (Criminal Docket No. 263) to the Fifth Circuit.

2. Civil Action No. H-05-2095 is **ADMINISTRATIVELY CLOSED** pending authorization from the Fifth Circuit.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **June 20, 2005**.

_____
Nancy F. Atlas
United States District Judge